UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELFINO GREEN & GREEN, <br><br> Plaintiff, <br><br> v. <br><br> WORKERS COMPANSATION SOLUTIONS, LLC, <br><br> Defendant. | Case No. 15-cv-02302-HSG <br><br> **ORDER GRANTING MOTIONS TO SEAL** <br><br> Re: Dkt. Nos. 10, 22 |

On May 28, 2015, Defendant and Counter-Claimant Workers Compensation Solutions, LLC filed an administrative motion to file under seal portions of its answer and counter-claim. Dkt. No. 10. On July 7, 2015, Defendant filed a second administrative motion to file under seal portions of Plaintiff and Counter-Defendant Delfino Green & Green's complaint, which is attached to Defendant's notice of removal. Dkt. No. 22. The time to oppose the motions has passed.

**I.    LEGAL STANDARD**

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events."

*Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret.  After considering these interests, if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179.  Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179.  Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.  *Id.* at 1179–80 (internal quotation marks omitted).  The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Because Plaintiff's complaint and Defendant's answer and counter-claim are the pleadings on which this action is based, the Court applies the "compelling reasons" standard to Defendant's

2

1  motions to seal.  *See In re NVIDIA Corp. Derivative Litig.*, No. 06-cv-06110-SBA, 2008 WL
2  1859067, at *3 (N.D. Cal. Apr. 23, 2008) (applying "compelling reasons" standard to request to
3  seal complaint).

## II. DISCUSSION

In its motions to seal, Defendant argues that the "compelling reasons" standard is met here because the portions of Plaintiff's complaint and Defendant's answer and counter-claim sought to be sealed reference (1) a confidential settlement agreement; (2) a confidential financial agreement; and (3) confidential financial information.  Dkt. No. 10 at 2; Dkt. No. 22 at 2.  Defendant further argues that disclosure of this information could "subject [Defendant] to a claim that the confidentiality terms in its agreements with third parties have been breached" and "might harm [Defendant's] ability to conduct its business."  Dkt. No. 10 at 5.

The Court finds that the redacted portions of Plaintiff's complaint and Defendant's answer and counter-claim contain sealable information.  *See Transperfect Global, Inc. v. MotionPoint Corp.*, No. 10-cv-02590-CW, 2014 WL 4950082, at *1 (N.D. Cal. Sept. 25, 2014) (granting motion to seal documents containing confidential financial information); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) ("[C]ourts have granted protective orders to protect confidential settlement agreements.").  The Court further finds that the proposed redactions are "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5.  The Court therefore GRANTS Defendant's motion to seal pages 2:16, 4:5-19, 8:7-16, 8:19-20, 8:21-25, 9:1-2, 9:6-7, 9:18, 9:23-24, 10:5-7, 12:11-21, 13:14-15; 13:16, and 14:18 of Defendant's answer and counter-claim.  The Court also GRANTS Defendant's motion to seal pages 2:20, 3:2-3, 3:4, 3:5, and 3:27-28 of Plaintiff's complaint, attached as exhibit 1 to Defendant's notice of removal, as well as paragraph 1 of exhibit A thereto.

//
//
//
//
//

1   Within four days of the date of this Order, Defendant shall file under seal the unredacted
2   versions of Plaintiff's complaint, attached as exhibit 1 to its notice of removal, and Defendant's
3   answer and counter-claim.  Defendant shall also file redacted versions of those documents in the
4   public record.

**IT IS SO ORDERED.**

Dated: July 13, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge